**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**KEITH MOSLEY (# 26166)**                                           **PETITIONER**

**v.**                                                    **No. 3:04CV207-M-A**

**STATE OF MISSISSIPPI, ET AL.**                              **RESPONDENTS**


## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Keith Mosley for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered, and the petitioner has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice.

### Facts and Procedural Posture

The petitioner Keith Mosley is in the custody of the Mississippi Department of Corrections and housed at the Marshall County Correctional Facility in Holly Springs, Mississippi. He was convicted in the Circuit Court of Union County, Mississippi, for sale of cocaine and sentenced to serve a term of twenty-five years in the custody of the Mississippi Department of Corrections; five years of the sentence were suspended. State Court Clerk's Papers (C.P.), pp. 116-117.

The petitioner appealed the conviction and sentence to the Mississippi Supreme Court, assigning as error the following:

> A. It was the defendant's constitutional right under the equal protection clauses of the United States Constitution and this right was violated, basically, when the Court failed to quash the jury venire; due to the fact, that the entire jury venire had no blacks on the jury after the blacks were either excused for cause or by peremptory challenge.

B. It was error on the Court's part not to grant a JNOV or direct a verdict based on the lack of evidence presented by the Prosecution.

C. It was error on the Court's part to refuse defendant's Jury Instruction Number D-5, D-6, D-7 and D-8 concerning reasonable doubt.

D. It was error on the Court's part to refuse defendant's Jury Instruction Number D-4, which was instruction concerning credibility of law enforcement officer.

E. It was error on the Court's part not to disallow certain evidence not disclosed to the defendant.

F. It was error on the Court's part not to allow the defense to cross-examine the prosecution's witness about prior cases and other issues.

G. It was error on the Court's part to allow the witness to have his memory refreshed by an illegal lineup concerning pictures of the defendant, which these pictures were not discovered or produced to the defendant in violation of the discovery laws; and it is further error to allow the witness to refer to these pictures and to refresh his memory. This constituted an illegal out of Court identification.

On October 8, 2002, the Mississippi Court of Appeals affirmed the conviction and sentence. *Mosley v. State,* 832 So. 2d 589 (Miss. App. 2002), *reh'g denied*, December 3, 2002 (2001-KA-01504-COA). The petitioner then filed a *pro se* "Petition for Post-Conviction Collateral Relief" in the Mississippi Supreme Court, in which he raised the following claims for the court's consideration (as stated verbatim by the petitioner):

A. Mosley was illegally sentenced for the sale of 4.7 grams of cocaine, when only .25 grams was presented into evidence by the State, at trial and testified to by the expert lab analysis as .25 grams received and tested.

B. Judge Coleman's abuse of discretion in overruling a direct verdict when counsel Livingston moved for a directed verdict, due to inconsistants [sic] of evidence in conflicting drug quantity.

C. Mosley was denied effective assistance of counsel at trial and on appeal.

1. Counsel Livingston was ineffective in not pursuing a potential fast and speedy trial claim.

2. Counsel was ineffective in not establishing before court the defective indictment.

3. Counsel was ineffective in not making a *Batson* challenge before voir dire.

On August 20, 2004, after reviewing the state's response to the petitioner's claims of ineffective assistance of counsel, the Mississippi Supreme Court denied his application. Mississippi Supreme Court (Cause No. 2003-M-01033).

Mosley filed the instant petition for a writ of *habeas corpus* on November 18, 2004, raising the following claims for relief (as stated verbatim by petitioner):

A. Ground One - *Batson* Issue - Defense counsel subjected Mosley to an unfair trial by excluding Mosley's only black juror #31, Ms. Mary Knight because her nephew is on the New Albany Police Force. On the same hand he did not challenge juror #3, Ms. Patricia Grisham of the white race cousin to David Grisham, Chief of New Albany City Police Force. #3 was kept on the defense.

B. Ground Two - Multi-count indictment - There are only the elements of one sale and that does not constitute a scheme or plan for a multi-count indictment.

C. Ground Three - Fast and Speedy Trial - I was charged in 1997, October 9, and brought to trial 2001, March 14 for a total of 1178 days with no continuation by the courts.

### Grounds Two and Three: Procedural Default

The petitioner's claims in Grounds Two (challenge to validity of the multi-count indictment) and Three (violation of the right to a speedy trial) have not been presented to the state's highest court. He presented neither of these claims to the Mississippi Supreme Court in his direct appeal or motion for post-conviction relief. He did argue in his post-conviction motion that *counsel was ineffective* for failing to challenge the indictment – and that *counsel was ineffective* for failing to pursue a speedy trial claim – but he did not argue either of these claims

-3-

on their merits (outside of the context of the claim of ineffective assistance of counsel). *Wilder v. Cockrell*, 274 F.3d 255 (5th Cir. 2001) (requiring each claim in a federal petition for a writ of *habeas corpus* to be presented separately in state courts for exhaustion purposes). The petitioner has filed both a direct appeal and an application for leave to seek post-conviction relief in state court. As such, he has no avenue remaining in which to pursue these claims in the Mississippi Supreme Court. When state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims. *Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995), *Coleman v. Thompson*, 501 U.S. 722, 111 S.C. 2546, 115 L.Ed.2d 640 (1991) (federal review of a claim is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule). The petitioner has thus defaulted his claims in the grounds of the instant petition by failing to raise the issues in either his direct appeal or in his application for post-conviction relief. This court is now precluded from reviewing these two claims.

As no external impediment existed to prevent him from raising and discussing these claims in state court, the petitioner cannot show "cause" under the "cause and prejudice." *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). Absent a showing of "cause," the court need not consider whether there is actual prejudice. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996). Hence, the court cannot reach the merits of the claims despite the procedural bar. *Flores*, 981 F.2d at 231 (5th Cir. 1993). Finally, the petitioner will not suffer a "fundamental miscarriage of justice" if his claims are not heard on the merits because he has not shown "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). The petitioner's testimony at

trial and the appellate court's findings as to the evidence presented would preclude such a claim at this point. Thus, the petitioner's claims in Grounds Two and Three must be dismissed.

**Ground One: Reviewed on the Merits by the Mississippi Supreme Court**

The Mississippi Supreme Court has already considered Ground One on the merits and decided that issue against the petitioner; hence, this claim is barred from *habeas* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless it meets one of the two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claim challenges both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas corpus* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision

-5-

is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Ground One of the petitioner's claim.

Nevertheless, under § 2254(d)(2) this ground may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas* review issues already decided on the merits.

In Ground One, the petitioner sets forth two claims of ineffective assistance of counsel during the jury selection process. First, he argues that counsel was deficient in "excluding Mosley's only black juror #31, Mary Knight, because her nephew is on the New Albany Police Force." He also argues that counsel erred in failing to challenge juror #3, Patricia Grisham, who

the petitioner claims was a white juror related to David Grisham, Chief of the New Albany Police.

To merit *habeas corpus* relief on a claim of ineffective assistance of counsel, a petitioner must satisfy two-prong test – demonstrating both constitutionally deficient performance by counsel and actual prejudice as a result of such ineffective assistance. *Strickland v. Washington*, 466 U.S. 668 (1984)*; Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). Failure to prove either prong of the *Strickland* test requires dismissal of the claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998). The *Strickland* standard applies to claims of ineffective assistance of counsel by both trial and appellate counsel. *Styron v. Johnson,* 262 F.3d 438, 450 (5th Cir. 2001) (citing *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *United States v. Merida,* 985 F.2d 198, 202 (5th Cir.1993)).

Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. A court reviewing an attorney's performance must view the attorney's actions based upon his knowledge at the time – not with the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The court must presume that counsel has exercised reasonable professional judgment, *Strickland*, 466 U.S. at 689, and overcoming that presumption is a heavy burden. *Messer v. Kemp,* 760 F.2d 1080, 1090 (11th Cir. 1985). The "[petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). Counsel's actions during voir dire are considered a matter of trial strategy. *See Teague v. Scott,* 60 F.3d 1167, 1172 (5th Cir. 1995). Moreover, "[a] decision regarding trial

tactics cannot be the basis for a claim of ineffective assistance of counsel unless counsel's tactics are shown to be 'so ill chosen that []they permeate[] the entire trial with obvious unfairness.'" *Id.* at 1172.

Counsel's decision to challenge juror Mary Knight for cause was a strategic one based not upon her race, but upon her connection with law enforcement. Counsel challenged for cause all jurors who said they were related to law enforcement officers – including Ms. Knight. State Court Record (S.C.R.), pp. 39-42. As such, counsel's decision to challenge Ms. Knight was purely a matter of trial strategy, *i.e.*, an informed tactical decision, and the state court was reasonable in holding that counsel's performance was not deficient.

The petitioner also argues that counsel's failure to challenge juror #3, Patricia Grisham was deficient performance. He believes that Grisham should have been challenged because she is allegedly the cousin of the chief of police in New Albany, Mississippi. This claim is simply an unsubstantiated allegation, as there is nothing on the record to support it. The jurors were aware that any relationship to law enforcement should be disclosed, and many jurors stood up and admitted such relationships during voir dire. S.C.R., pp. 25-28; 30-31; 32-33. Indeed, jurors were asked specifically whether they were a close friend or acquainted with David Grisham. *Id.* at p. 33. At no point did Patricia Grisham, juror #3, disclose a relationship or friendship with any law enforcement officer – and certainly not with David Grisham. Bare allegations such as this are insufficient to support a claim in a *habeas corpus* proceeding. *United States v. Jones*, 614 F.2d 80 (5th Cir. 1980). The petitioner not shown that counsel's performance was deficient during voir dire. As the petitioner has not shown that counsel's performance was deficient, the court need not discuss whether the petitioner was prejudiced by that performance. *Moawad v.*

*Anderson*, 143 F.3d 942, 946 (5th Cir. 1998). The state court's decision was reasonable in law and in fact; as such, Ground One of the instant petition for a writ of *habeas corpus* must be dismissed.

For the reasons set forth above, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 6th day of July, 2007.

                              **/s/ Michael P. Mills**
                              **CHIEF JUDGE**
                              **UNITED STATES DISTRICT COURT**
                              **NORTHERN DISTRICT OF MISSISSIPPI**